# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | CASE NO. 8:11CR287 |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM |
| ANTHONY JOHNSON, | ) | AND ORDER |
| Defendant. | ) | |

This matter is before the Court on the Findings and Recommendation (Filing No. 99) issued by Magistrate Judge F.A. Gossett recommending that the motion to suppress (Filing No. 79) filed by the Defendant, Anthony Johnson, be denied. Johnson filed a statement of objections to the Findings and Recommendation (Filing No. 105) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 59.2(a).

Johnson is charged in a Superseding Indictment with: conspiracy to distribute crack cocaine (Count I); distribution of crack cocaine (Count IV); possession with intent to distribute crack cocaine (Count VI); and forfeiture. He seeks to suppress evidence obtained during the execution of a search warrant at a residence on North 65th Street in Omaha, Nebraska.

Following an evidentiary hearing, Judge Gossett issued oral conclusions of law.[1] A one-page written Findings and Recommendation followed. Judge Gossett concluded: probable cause existed for issuance of the search warrant; even if probable cause is lacking, the *Leon* good-faith exception applies. Judge Gossett therefore recommends that the motion to suppress be denied.

---

[1] Specific findings of fact were not made.

**STANDARD OF REVIEW**

Under 28 U.S.C. § 636(b)(1)(C), the Court must make a de novo determination of those portions of the findings and recommendation to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

**STATEMENT OF FACTS**

The Court has considered the transcript of the hearing conducted by Judge Gossett and carefully viewed the evidence. The Court finds the following facts, obtained from the search warrant affidavit and application (Exhibit 1).

On September 16, 2011, a Douglas County Court judge signed a search warrant for an address on North 65th Street, Omaha, Nebraska, and the person of Anthony J. Johnson. Both the residence and Johnson were described in detail in the search warrant affidavit and application. Omaha Police Officer Marcus Taylor sought crack cocaine as well as money, firearms, telephonic devices and records associated with an illegal narcotics operation.

The search warrant affidavit described the link between Johnson and the residence. As grounds for the issuance of the search warrant, Officer Taylor stated that he was contacted by a cooperating witness ("CW") who stated that he could purchase crack cocaine from Johnson, who was the subject of an investigation being conducted by Officer Taylor. The CW described Johnson, and the CW positively identified Johnson from a photograph obtained by Taylor. The CW showed Officer Taylor the residence as the place

2

where, during the last six months, he had bought crack cocaine from Johnson and observed Johnson with small baggies of crack cocaine. The CW stated that Johnson sells crack cocaine from the residence both during the day and night. The CW identified Johnson's girlfriend as the person with whom Johnson lived at the residence. Officer Taylor had learned that the utilities at the address were in the name of Johnson's girlfriend.

The affidavit described a controlled buy that Officer Taylor arranged within 48 hours of September 16, 2011.

## ANALYSIS

Johnson objects generally to Judge Gossett's conclusion that probable cause existed for issuance of the search warrant and, absent probable cause, that the *Leon* good-faith exception applies. As support, Johnson's attorney includes a recitation of boilerplate law regarding probable cause. Johnson's argument with respect to probable cause is that no evidence shows that crack cocaine or the buy money would be in the residence six days after the controlled buy. No legal support for the good-faith argument was included, and therefore that objection is deemed waived.

The Eighth Circuit has stated the following with respect to probable cause:

> An affidavit establishes probable cause if it sets forth sufficient facts to establish that there is a fair probability that contraband or evidence of criminal activity will be found in the place to be searched. Illinois v. Gates, 462 U.S. 213, 238, 103 S. Ct. 2317, 76 L. Ed.2d 527 (1983). A probable cause determination is based on the totality of the circumstances. United States v. Morales, 923 F.2d 621, 623–24 (8th Cir.1991). "When information supplied by an informant forms the basis for probable cause in a warrant, the 'core question in assessing probable cause ... is whether the information is reliable.'" United States v. Nieman, 520 F.3d 834, 839–40 (8th Cir. 2008) (quoting United States v. Williams, 10 F.3d 590, 593 (8th Cir. 1993)). In assessing such reliability, this Court considers several factors, such as (1) whether officers conducted a face-to-face interview with the informant, (2) the level of detail included in the information provided to law enforcement by

the informant, and (3) whether law enforcement independently corroborated any of the information provided by the informant. *696 United States v. Robertson, 39 F.3d 891, 893–94 (8th Cir.1994) (interviewing an informant face to face "gives greater weight to an officer's decision to rely on that information," and "there is an inherent indicia of reliability in 'the richness and detail of a first-hand observation.'") (quoting United States v. Jackson, 898 F.2d 79, 81 (8th Cir. 1990)); United States v. Stropes, 387 F.3d 766, 772–73 (8th Cir. 2004) (noting corroboration of information is a relevant factor in establishing probable cause).

United States v. Cowling, 648 F.3d 690, 695-96 (8th Cir. 2011), *petition for cert. filed*, __ U.S. __ (U.S. Nov. 7, 2011) (No. 11-7469).

Applying the relevant principles, the Court concludes that the search warrant affidavit is replete with probable cause. The affidavit shows that for a period of six months, and as recently as within the prior 48 hours, Johnson sold crack cocaine from his residence to the CW. The information provided by the CW was corroborated through investigation and a controlled buy. There is no reason to believe that crack cocaine would not be found at the residence six days after the search warrant was signed. The objection is overruled.

IT IS ORDERED:

1. The Magistrate Judge's Findings and Recommendation (Filing No. 99) is adopted in its entirety;

2. The Defendant's objections to the Findings and Recommendation (Filing No. 105) are overruled; and

3. The Defendant's motion to suppress (Filing No. 79) is denied.

DATED this 1st day of February, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge